

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Office of Federal Operations
### P.O. Box 19848
### Washington, D.C. 20036

William T. Walker,
Complainant,

v.

John W. Snow,
Secretary,
Department of the Treasury,
Agency.

Appeal No. 01A53860

Agency Nos. TD 99-1215 and TD 01-1149

## DECISION

Complainant initiated an appeal from a final decision concerning his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.* For the following reasons, the Commission -- AFFIRMS the agency's final decision.

The record reveals that during the relevant time, complainant was employed as a Computer Specialist, OC-13, at the Office of the Comptroller of the Currency in Washington, D.C. On November 19, 1998, complainant sought EEO counseling and subsequently filed a formal complaint (designated as agency case number TD 99-1215) on May 14, 1999.

By letter dated September 3, 1999, the agency accepted the following claims, in which complainant alleged discrimination based on race (African-American), sex (male), and age (55), for investigation.

    (1)    On October 14, 1998, complainant was not selected for the position of Computer Specialist, OC-334-14, under Vacancy Announcement No. 98-103E;

    (2)    On October 14, 1998, complainant was not selected for the position of Computer Specialist, OC-334-16, under Vacancy Announcement No. 98-104E;

    (3)    On October 14, 1998, complainant was not selected for the position of Computer Specialist, OC-334-17, under Vacancy Announcement No. 98-105N; an

**FILED**

JUN 1 9 2006

06 1115

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2                                      01A53860

(4)    On October 16, 1998, complainant received a revised annual performance rating
       for the rating period June 1997 through June 1998, that did not accurately reflect
       the level of work that complainant performed.

Additionally, in a separate letter dated September 3, 1999, the agency dismissed the following
claims.

(5)    From March 1990 and continuing, management refused to provide new software
       and contractor support to complainant's projects[1];

(6)    On March 1, 1990, complainant was not promoted to OC-14/15 for implementing
       the Shared National Credits system;

(7)    In 1992/1993, complainant was not selected for the position of District MIS
       Coordinator, OC-301-15, under Vacancy Announcement No. SW-92-7;

(8)    In 1992/1993, complainant was not selected for the position of Computer
       Specialist, OC-334-15, under Vacancy Announcement No. 92-08(SE);

(9)    In 1992/1993, complainant was not selected for the position of Computer
       Specialist, OC-334-15, under Vacancy Announcement No. 92-114;

(10)   In September 1992, complainant's position was not upgraded to OC-14/15;

(11)   In October 1997, management suggested that complainant take a buy out;

(12)   In 1997, complainant was denied the opportunity to act as Team Leader;

(13)   On April 8, 1998, complainant's request for training was not approved in a timely
       manner;

(14)   On April 16, 1998, complainant was denied the opportunity to act as Data
       Warehousing Team Leader; and

(15)   In July 1998, complainant's request to procure software on a trial basis was denied.

The agency dismissed claims (5) through (15) pursuant to 29 C.F.R. § 1614.107(a)(2) (among
other grounds) for untimely EEO Counselor contact. The agency found that complainant initiated
the EEO process with respect to these claims beyond the 45-day time limit. Complainant initiated

---

[1]The agency ultimately considered this claim in connection with complainant's overall
claim of harassment in TD 01-1149.

3                                        01A53860

an appeal to the Commission with respect to the dismissed claims (EEOC Appeal No. 01A00176). On November 9, 1999, revised regulations governing the EEOC's federal sector complaint process went into effect, and the Commission returned the dismissed claims to the agency for consolidation with complainant's complaint.

Subsequently, complainant amended his complaint, and the agency accepted the additional four claims, for a total of eight, for investigation in agency case number TD 99-1215[2].

    (16)    On October 22, 1999, complainant received an annual performance rating for the rating period June 1998 through June 1999, that did not accurately reflect the level of work that complainant performed;

    (17)    On August 2, 2000, complainant received an annual performance rating for the rating period June 1999 through June 2000, that did not accurately reflect the level of work that complainant performed;

    (18)    On November 16, 2000, complainant was not selected for the position of Computer Specialist, OC-334-14, under Vacancy Announcement No. MP-WO-00-1-101; and

    (19)    On November 17, 2000, complainant was not selected for the position of Computer Specialist, OC-334-15, under Vacancy Announcement No. MP-WO-00-1-102.

In the meantime, complainant also initiated the EEO process in September 13, 2000, and filed a second complaint on May 10, 2001, (agency case number TD 01-1149) in which complainant alleged discrimination on the bases of race (African American), sex (male), age (DOB: 6/6/44) and in reprisal for prior EEO activity when he was subjected to the following incidents of harassment.

    (1)    Complainant was denied training on May 2, 2000, May 21, 2000, and April 24, 2001;

    (2)    On August 2, 2000 and September 6, 2000, complainant was threatened with disciplinary action for failure to sign a performance appraisal;

    (3)    On November 14, 2000, complainant received a letter of reprimand; and

    (4)    On May 4, 2001, complainant was denied a detail.

---

[2]We have renumbered the claims in the complaints.

4                                                01A53860

By letter dated October 11, 2000[3], the agency dismissed complainant's claim regarding the threatened discipline on August 2, 2000 and September 6, 2000 (claim (2) of TD 01-1149), pursuant to 29 C.F.R. § 1614.107(a)(1) on the grounds that the harassment described therein was neither sufficiently severe nor pervasive to state a claim of harassment and that no discipline was ever issued to complainant for his failure to sign the performance evaluation in question.

At the conclusion of the investigation, complainant was informed of his right to request a hearing before an EEOC Administrative Judge (AJ) or alternatively, to receive a final decision by the agency. In December 2002, complainant requested a hearing before an AJ and his complaints were consolidated for hearing. Complainant later withdrew his request for a hearing, and by order dated August 18, 2004, the AJ dismissed complainant's consolidated complaints from the hearing process.

Thereafter, the agency issued a final decision on March 22, 2005. In its decision, the agency reviewed the prior dismissed claims of both complaints. The agency confirmed the dismissal of claims (5) through (15) of TD 99-1215 pursuant to 29 C.F.R. § 1614.107(a)(2). However, the agency determined that the alleged discriminatory incidents of August 2, 2000 and September 6, 2000 (claim (2) of TD 01-1149), should be considered in complainant's overall claim of harassment described in TD 01-1149.[4]

TD 99-1215

The agency found that with respect to the 1998 non-selection claims, complainant alleged that an identified agency official engaged in a campaign to prevent complainant from being promoted to any of the positions for which he applied. Complainant, the agency found, contended that this official unduly influenced the rating, ranking and interview process by impaneling his subordinates and friends so that he could direct the selection process, ensuring that the candidates he had pre-selected were recommended and ultimately selected. The agency found complainant's claims unsubstantiated by the investigation, noting that the identified official denied any such involvement with the selection process and none of the panel members described receiving any such instruction from the official. Accordingly, the agency found that complainant did not show that the agency's reasons for selecting the candidates it did were a pretext for discrimination.

---

[3]The record shows that in October 2000, complainant requested that the more recent claims (also listed in TD 01-1149) be considered as an amendment to his existing complaint, TD 99-1215.

[4]In its final decision the agency noted that during the investigation, complainant withdrew his allegation concerning claim (8), his non-selection in November 2000 for the position of Computer Specialist, OC-334-15 under Vacancy Announcement No. MP-WO-00-1-102 (claim (19) of agency case number TD 99-1215). Accordingly the agency's final decision considered the merits of seven claims from TD 99-1215 and an overall claim of harassment in TD 01-1149.

01A53860

Regarding complainant's performance appraisals, the agency found no evidence to support complainant's contention that his rating officials had been ordered to lower his performance ratings in an effort to justify the agency's failure to promote him. The agency noted that complainant was unable to demonstrate how the rating he received was inaccurate other than his generalized assertions that it did not reflect the level of work he performed.

Additionally, the agency found that complainant's recent supervisors stated that complainant did not accept developmental assignments or short-term projects and refused to attend staff meetings. Rather, complainant's supervisors reported that complainant wanted only to work on his FOCUS mainframe assignments. Accordingly, the agency found that complainant did not show that his performance evaluations were lowered based on his race, sex or age.

The agency further found that complainant's claim regarding his non-selection in 2000, was predicated on the same reasoning as his non-selection in 1998, namely, that the same recommending official (and conspiring selection official) manipulated the selection process to deny him any further career advancement. Again, the agency found no evidence in the record to support complainant's belief that the selecting/recommending officials had somehow influenced the panel members and directed the rating, ranking and interview process. The agency therefore determined that no discrimination occurred with respect to the 2000 non-selection.

TD 01-1149

With respect to complainant's overall claim of harassment, the agency found that the handful of incidents of harassment described in the complaint (denied training, threats of discipline, letter of reprimand, denied detail) spanned from May 2000 through May 2001, were not sufficiently severe or pervasive to state a claim of harassment. Moreover, the training that complainant requested pertained to FOCUS, a program the agency was discontinuing, and therefore the agency logically declined to expend additional funds for FOCUS training. Similarly, the agency reasoned that requests and denials for detail assignments are ordinary occurrences in the workplace such that three denials over the course of a year could not be viewed as harassment. Significantly, the agency found that nothing in the record connected the incidents described to complainant's race, sex or age, or prior participation in the EEO process.

ANALYSIS AND FINDINGS

Dismissed claims

Complainant may not be challenging the dismissed claims on appeal, but to the extent that complainant is challenging the dismissal of the dismissed claims, we find that claims (5) through (15) of TD 99-1215 were properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(2) for untimely EEO Counselor contact. The EEO Counselor contact was on November 19, 1998, which is beyond the 45-day time limit. Furthermore, we find that to the extent that claim (5) involves an

01A53860

ongoing claim that the agency failed to provide support and funding for complainant's projects, the agency properly considered this claim as part of complainant's claim of harassment (TD 01-1149).

## 1998 and 2000 Non-selections

To prevail in a disparate treatment claim such as this, complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). He must generally establish a *prima facie* case by demonstrating that he was subjected to an adverse employment action under circumstances that would support an inference of discrimination. *Furnco Construction Co. v. Waters*, 438 U.S. 567, 576 (1978). The *prima facie* inquiry may be dispensed with in this case, however, since the agency has articulated legitimate and nondiscriminatory reasons for its conduct. *See Holley v. Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997). To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is a pretext for discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097 (2000); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519 (1993).

In a non-selection case, pretext may be demonstrated by a showing that complainant's qualifications are observably superior to those of the selectee. *Bauer v. Bailor*, 647 F.2d 1037, 1048 (10th Cir. 1981); *Williams v. Department of Education*, EEOC Request No. 05970561 (August 6, 1998).

We find, as did the agency, that complainant has not shown that his qualifications were plainly or observably superior to those possessed by the selectees in 1998 or 2000. We further concur with the agency that the record is void of any evidence showing that the numerous panel members responsible for the rating/ranking and interview process (for multiple vacancy announcements and the selection of over 20 candidates) were somehow improperly influenced by the recommending or selecting officials. Therefore, we find that complainant has failed to show by a preponderance of the evidence that the non-selections were motivated by discrimination.

## Harassment

Complainant can establish a *prima facie* case of reprisal discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination. *Shapiro v. Social Security Admin.*, EEOC Request No. 05960403 (Dec. 6, 1996) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Specifically, in a reprisal claim, and in accordance with the burdens set forth in *McDonnell Douglas*, *Hochstadt v. Worcester Foundation for Experimental Biology*, 425 F. Supp. 318, 324 (D. Mass.), *aff'd*, 545 F.2d 222 (1st Cir. 1976), and *Coffman v. Department of Veteran Affairs*, EEOC Request No. 05960473 (November 20, 1997), a complainant may establish a *prima facie* case of reprisal by showing that: (1) he or she engaged in a protected activity; (2) the agency was aware of the protected activity; (3) subsequently, he or she was subjected to adverse treatment by the agency; and (4) a nexus exists between the protected

7                                    01A53860

activity and the adverse treatment. *Whitmire v. Department of the Air Force*, EEOC Appeal No. 01A00340 (September 25, 2000).

Regarding complainant's harassment claim, we find, as did the agency, that the incidents described do not rise to the level necessary to constitute a hostile work environment. In doing so, we consider that the incidents of August and September 2000, in which complainant states that he was threatened with discipline and the discipline he received in November 2000, are to be viewed as a single adverse action culminating in the letter of reprimand. Even so, we find nothing to show that this event or any other event was motivated by complainant's race, sex, age or in reprisal for complainant's EEO activity.

Similarly, we find that complainant has not shown that the lowered evaluations he received were discriminatory. On the contrary, complainant's rating officials, beginning in 1998, were rating complainant for the first time, and were unfamiliar with complainant's previous ratings. The evidence shows that complainant's supervisors considered the "fully successful" ratings to be consistent with the level of work he performed and not designed to punish complainant or to reflect a diminishment of complainant's previous performance level.

The agency's decision is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.      The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.      The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the

8                                        01A53860

applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

MAR 1 7 2006

Date

9                                                01A53860

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

MAR 1 7 2006
Date

Equal Opportunity Assistant