IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM T. WALKER, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 06-1115 (PLF) |
| HENRY M. PAULSON, JR.,<br>Secretary, U.S. Department of the<br>Treasury,[1] | ) |
|     Defendant. | ) |

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL AND TO STRIKE**

Defendant Henry M. Paulson, Jr., Secretary, United States Department of the Treasury, in his official capacity, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the claims raised in allegations 1-5, 8, and 15 of the complaint in the above-captioned action. Further, Defendant moves the Court, pursuant to Federal Rules of Civil Procedure 8(a) and 12(f), to strike the claims raised in allegation 9 of Plaintiff's complaint as repetitive and redundant of other claims. Defendant makes the same motion in regard to allegation 15, to the extent that it does not raise new claims, but is repetitive of claims set forth in allegation 6. In support of this motion, Defendant respectfully refers the Court to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is also attached.

Plaintiff should take notice that his failure to respond to this motion could result in it

---

[1] Mr. Paulson, as the current Secretary of the Treasury, should be substituted for John W. Snow by operation of Federal Rule of Civil Procedure 25(d).

being granted as conceded. See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) (dispositive motion may be granted if pro se party fails to respond).

        Respectfully submitted,

        _____
        KENNETH L. WAINSTEIN, D.C. BAR # 451058
        United States Attorney

        _____
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        _____
        KATHLEEN KONOPKA, D.C. BAR #495257
        Assistant United States Attorney
        555 Fourth Street, NW, Room E-4412
        Washington, DC 20530
        202/616-5309

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM T. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 06-1115 (PLF) |
| HENRY M. PAULSON, JR., | ) | |
| Secretary, U.S. Department of the | ) | |
| Treasury,[2] | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL DISMISSAL AND TO STRIKE**

Plaintiff's complaint in the instant case comprises 15 "allegations" which assert numerous and varied claims of discrimination against his employer, the Office of the Comptroller of the Currency ("OCC"), a bureau of the United States Department of the Treasury, encompassing the acts of several unrelated supervisors in different divisions dating back to the inception of his employment in 1987. Specifically, Plaintiff asserts that he was discriminated against based on his race, sex, and age when (1) Director of Applications Development Division ("ADD") Craig Hackett refused to allocate proper resources to Plaintiff's position in 1991 and 1992, (Compl. at 5); (2) Plaintiff applied and was not selected for three positions between January 1992 and January 1993, (Compl. at 6); (3) Information Services Coordination Division ("ISC") Director Robert Smith refused to "upgrade" Plaintiff's position between 1992 and 1996,

---

[2] Mr. Paulson, as the current Secretary of the Treasury, should be substituted for John W. Snow by operation of Federal Rule of Civil Procedure 25(d).

(Compl. at 7); (4) Acting Director of ISC Lenny Reid refused to allow Plaintiff to act as a "team leader" and failed to adequately support Plaintiff's position in 1997 and the first quarter of 1998, (Compl. at 9, 11-12, 18); (5) Mr. Reid refused to upgrade Plaintiff's position in the first half of 1997, (Complaint at 10); (6) Mr. Reid suggested that Plaintiff "take a buyout" in 1997, (Compl. at 11); (7) Acting Director of Information Services Division Charlie Wright refused to allow Plaintiff to act as "team leader" on April 16, and June 20, 1998, and refused to allow Plaintiff to procure new software on a trial basis, (Compl. at 12, 19); and (8) Plaintiff has applied and was not selected for "over 50 positions" over his 19 years with OCC. (Compl. at 25).[3]

Dismissal of these enumerated claims is appropriate because Plaintiff failed to timely exhaust his administrative remedies. Furthermore, allegation 9 in Plaintiff's complaint merely repeats and reiterates the claims fully set forth in allegation 6, namely Plaintiff's non-selection for positions pursuant to three specified vacancy announcements, and thus, should be struck from the complaint. Likewise, to the extent that allegation 15 is repetitive of claims of non-selection contained in allegation 1 (1992-1993) and allegation 6 (October 1998), as opposed to stating a new, unexhausted and untimely claim regarding other unidentified non-selections, it should be struck.

---

[3] These eight claims are contained in allegations 1-5, 8, and 15 of Plaintiff's complaint. Allegations 6 and 9 assert that Plaintiff was non-selected under three vacancy announcements on October 14, 1998. (Compl. 14-17, 19-24). Allegation 7 claims that Plaintiff was given a "fully successful" rather than "superior" performance appraisal by Team Leader Judy Morrison on or about October 16, 1998. (Compl. at 17-18). Allegations 10-14 comprise a hostile work environment claim for the time period May 2000 to May 2001. (Compl. at 24-25). Defendant does not seek dismissal of these claims at this time.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**[4]

Plaintiff began his employment with OCC in the User Support Division ("USD"), one of three divisions in the Office of Information Resource Management ("IRM"), in 1987. (Compl. at 3, 5). He reported to Dave Nichols. (Id. at 3). Approximately two years later, Plaintiff was transferred to the Applications Development Division ("ADD"), also part of IRM, where he worked under Craig Hackett from February 1991 until September 1992. (Compl. at 5).

In September 1992, Plaintiff's request to transfer back to USD, now termed the Information Systems Coordination Division ("ISC"), was granted. (Id. at 5-6). Plaintiff remained in ISC until IRM's reorganization in November 1996. (Id. at 7). During this time period, Plaintiff reported to Robert Smith, Director of ISC. (Compl. at 8).

In April 1997, Lenny Reid became the Acting Director of ISC, and Plaintiff's supervisor. In April 1998, Plaintiff was reassigned to a position under the supervision of Charlie Wright. (Compl. at 12).

On November 19, 1998, Plaintiff sought Equal Employment Opportunity ("EEO") counseling for the first time. (EEOC Decision "Decision" attached to Compl. at 1). This counseling culminated in Plaintiff's filing of a formal discrimination complaint based on race, sex, and age on May 14, 1999. (Id.). The claims asserted in the May 1999 complaint are contained in allegations 1-9 of Plaintiff's District Court complaint. (Compl. at 2).

On September 13, 2000, Plaintiff again sought EEO counseling, this time alleging he was subjected to a hostile work environment between May 21, 2000, and May 4, 2001, in retaliation

---

[4] For purposes of this motion only, Defendant accepts as true Plaintiff's allegations in his complaint.

for his May 1999 filing, and based on his race, sex, and age, when his supervisor refused to approve training on two occasions, management warned Plaintiff on two occasions that he would be subjected to disciplinary action if he failed to sign his performance appraisal culminating in a letter of reprimand, management failed to provide the same level of support to Plaintiff's position as provided to others, and Plaintiff's request for a detail was denied. (Decision at 3). This claim is repeated in allegations 10-14 of Plaintiff's District Court complaint, (Compl. at 24-25).

## II.   ARGUMENT

### A.   Legal Standards

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. See Sullivan-Obst v. Powell, 300 F. Supp. 2d 85, 91 (D.D.C. 2004). The Court may grant such a motion if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003). Thus, in resolving a Rule 12(b)(6) motion, the Court must treat the complaint's factual allegations -- including mixed questions of law and fact -- as true and draw all reasonable inferences therefrom in the plaintiff's favor. See Macharia v. United States, 334 F.3d 61, 64, 67 (D.C. Cir. 2003), cert. denied, 540 U.S. 1149 (2004); Holy Land Foundation v. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003), cert. denied, 540 U.S. 1218 (2004). On the other hand, the Court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. See Warren v. District of Columbia, 353 F.3d 36, 37 (D.C. Cir. 2004); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 1993).

Federal Rule of Civil Procedure 12(f) provides that the Court, either upon motion of a

4

party or on its own initiative may strike from a pleading any matter which is "redundant, immaterial, impertinent, or scandalous."

### B. Plaintiff Has Failed to Exhaust His Administrative Remedies

Plaintiffs seeking to bring claims pursuant to Title VII before the District Court must comply with the statute's administrative exhaustion requirements as a precondition to their suits. See United Airlines, Inc. v. Evans, 431 U.S. 553, 555 (1977); Bayer v. Department of Transportation, 956 F.2d 330, 332 (D.C. Cir. 1992) (citing Brown v. General Services Administration, 425 U.S. 820 (1976)).[5] Indeed, only upon exhaustion of administrative proceedings is a complainant entitled to a trial de novo. Chandler v. Roudebush, 425 U.S. 840 (1976); Saksenasingh v. Department of Education, 126 F.3d 347, 350 (D.C. Cir. 1997).

In the context of federal discrimination claims, "exhaustion" requires the plaintiff to file an administrative complaint. Kizas v. Webster, 707 F.2d 524, 543 (D.C. Cir. 1983), cert. denied, 464 U.S. 1042 (1984). The requirement that an aggrieved employee must first seek relief with

---

[5] The Age Discrimination in Employment Act ("ADEA"), unlike Title VII, permits a federal employee who believes that he has been the victim of age discrimination to by-pass the administrative process and seek redress before the District Court in the first instance, provided (i) that the employee gives the EEOC not less than 30 days' notice of intent to file such a civil action and (ii) that such notice is filed within 180 days after the alleged unlawful act occurred. 29 U.S.C. § 633a(c), (d); see Thorne v. Cavazos, 744 F. Supp. 348, 350 (D.D.C. 1990). Neither of these criteria, however, were met in this case. Thus, Plaintiff was required to invoke the agency's normal administrative process, and bring suit if he was dissatisfied with the results. 29 U.S.C. § 633a(b), (c). When Plaintiff pursued his age discrimination claim exclusively through administrative channels, he became subject to the same requirements as those imposed on other discrimination complaints. See Rann v. Chao, 346 F.3d 192, 195 (D.C. Cir. 2003) (assuming without deciding that exhaustion of administrative remedies is required under 29 U.S.C. § 633a(b), (c) and dismissing ADEA suit for failure to cooperate during administrative process), cert. denied, 543 U.S. 809 (2004).

the agency that has allegedly engaged in discrimination is "not a mere technicality." Park v. Howard University, 71 F.3d 904, 907 (D.C. Cir. 1995), cert. denied, 519 U.S. 811 (1996). Rather, "it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment." Kizas, 707 F.2d at 544. The "sine qua non for civil action is the filing of a complaint [with the agency]." Porter v. Adams, 639 F.2d 273, 276 (5th Cir. 1981); see also Brown, 425 U.S. at 833 (noting that Title VII "provides for a careful blend of administrative and judicial enforcement powers.").

Moreover, the mere act of filing of an administrative complaint, or even several complaints, does not provide license for a plaintiff to bring claims before the District Court that were not raised or considered by the agency. See Park, 71 F.3d at 907 (a Title VII lawsuit is limited in scope to claims "reasonably related" to the allegations of the administrative charge and must arise from the administrative investigation). Thus, claims that a party has failed to raise at the administrative level are properly dismissed pursuant to Rule 12(b)(6). See id. (Court dismisses hostile work environment claim not raised in plaintiff's EEO complaint).

Plaintiffs also must raise their administrative charges in a timely manner. See Kizas, 707 F.2d at 543; Childers, 44 F.Supp.2d at 17. Specifically, a plaintiff must seek EEO counseling within 45 days of the discriminatory event. 29 C.F.R. § 1614.105(a)(1). The Supreme Court has cautioned that congressionally mandated time requirements "for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) (per curiam). The Court has also emphasized that "strict adherence to the procedural requirements specified by the

legislature is the best guarantee of evenhanded administration of the law." National Railroad Passenger Corp. v. Morgan, 536 U.S.101, 110 (2002).

Plaintiff has failed to meet this time requirement for the eight claims contained in allegations 1-5, 8, and 15. Plaintiff's first contact with an EEO counselor was November 19, 1998. (Decision at 1). Thus, Plaintiff can seek redress for employment actions only to the extent that they occurred on or after October 5, 1998. See 29 C.F.R. 1614.105. None of the actions complained of in allegations 1-5 and 8 of Plaintiff's complaint meet this deadline. Indeed, many of the employment actions at issue occurred years before this date. All of the incidents alleged in allegation 1 occurred between 1990 and 1996, with the majority of alleged incidents occurring between 1990 and 1993. All of the incidents alleged in allegations 2-5 and 8 occurred between January of 1997 and summer of 1998, with the majority of alleged incidents occurring in 1997 and the first half of 1998. Moreover, to the extent that Plaintiff is asserting a claim or claims in allegation 15 which are distinct from those asserted in allegations 1 and 6, they were never raised administratively, timely or otherwise. (Decision at 3).

The fact that claims in allegations 6 and 7 were timely filed does not make these other claims actionable. See National Railroad Passenger Corp. v. Morgan, 536 U.S.101, 113 (2002) (rejecting "continuing violation doctrine:" "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges").[6] Plaintiff has alleged

---

[6] Likewise, the fact that Plaintiff timely sought EEO counseling in September 2000, regarding a hostile work environment claim based on acts beginning in May 2000, does not make these prior claims actionable. Acts occurring between 1991 and 1998 taken by different supervisors in different divisions have no reasonable relation to a series of acts occurring at least two years later, which allegedly created a hostile work environment at that time. See Morgan, 536 U.S. at 118 (an act bearing no relation to previous acts or where there has been intervening

a series of discrete acts allegedly perpetrated by at least five different individuals in at least three different divisions over at least seven years, including such easily identifiable actions as non-selections, failures to promote, and the issuance of a performance appraisal.[7]  Thus, Plaintiff should have sought counseling in a timely manner for each alleged unlawful action.  See Morgan, 536 U.S. at 114 ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify [and constitute] a separate actionable unlawful employment practice" for which suit must be brought within the required time frame.).  His failure to do so dooms the claims set forth in allegations 1-5, 8, and 15.[8]

---

action by the employer cannot substantiate recovery for the previous acts).

[7]   It is unclear from Plaintiff's complaint whether the officials responsible for his non-selections were his named supervisors or other individuals.  Also, given the breadth of allegation 15, regarding fifty positions over 19 years, Defendant assumes that a larger pool of alleged discriminating officials and a longer time period are implicated.

[8]   Plaintiff's references to a "pattern and practice" likewise do not affect the viability of these untimely claims.  (See e.g., Compl. at 3, 8).  Plaintiff has not brought a pattern and practice case, but rather challenges a series of non-promotion and allegedly non-promotion related decisions regarding himself.  Moreover, cases construing the pattern and practice method of proof in private party cases have specifically limited its application to class actions.  See Mitchell v. Baldrige, 759 F.2d 80, 84-85 (D.C. Cir. 1985); Wagner v. Taylor, 836 F.2d 578, 592 n.94 (D.C. Cir. 1987); Segar v. Smith, 738 F.2d 1249, 1266 (D.C. Cir. 1984), cert. denied, 471 U.S. 1115 (1985).  See also Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 760 (4th Cir. 1998), vacated on other grounds, 527 U.S. 1031 (1999); Babrocky v. Jewel Food Co., 773 F.2d 857, 866-67 n.6 (7th Cir. 1985); Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 355-56 (5th Cir. 2001).  Cf. International Brotherhood of Teamsters v. United States, 431 U.S. 324, 357 (1977).

### C.  Claims Contained in Allegations 9 and 15 Should Be Struck as Repetitive and Redundant.

The claims contained in allegations 9 and 15 of Plaintiff's complaint simply repeat and reiterate the claims contained in allegation 6, namely that Plaintiff was non-selected for positions under vacancy announcement numbers 98-103E, 98-104E, and 98-105E.  (Compl. at 15, 19, 25).[9]  Because allegations 9 and 15, and the claims contained therein, are redundant, they should be stricken.  See Fed. R. Civ. P. 12(f).

---

[9]  As previously explained in footnote 8, Plaintiff's reference in allegation 9 to "pattern and practice" does not alter the fact that Plaintiff is complaining about his non-selection for the positions at issue in both allegations 6 and 9.  Also, allegation 15 refers to 50 otherwise unidentified non-selections that Plaintiff has suffered over his 19 years with OCC.  This is of little moment since only claims regarding these three vacancy announcements were properly exhausted.

**CONCLUSION**

The claims contained in allegations 1-5, 8, and 15 (to the extent that it raises non-repetitive claims) should be dismissed because they fail to state a claim upon which relief can be granted in that they were not timely exhausted. Additionally, allegations 9 and 15 repeat the claims already fully set forth in allegation 6. Thus, in an effort to simplify this pleading and subsequent litigation in this case, these allegations should be stricken from Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
KATHLEEN KONOPKA, DC Bar #495257
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C. 20001
(202) 616-5309

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that service of the foregoing Motion to Dismiss, memorandum of points and authorities in support thereof, and proposed order has been made by mailing copies thereof to:

Williams T. Walker
1010 Peconic Place
Upper Marlboro, Maryland 20774


on this ____ day of September, 2006.


                       _____
                       KATHLEEN KONOPKA
                       Assistant United States Attorney
                       Judiciary Center Building
                       555 4th Street, N.W.; Room E4412
                       Washington, D.C.  20001
                       (202) 616-5309