IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAM T. WALKER, | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) Civil Action No. 06-1115 (PLF) |
| HENRY M. PAULSON, JR., Secretary, U.S. Department of the Treasury,[1] | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO OPPOSITION TO
MOTION FOR PARTIAL DISMISSAL AND TO STRIKE**

Defendant Henry M. Paulson, Jr., Secretary, United States Department of the Treasury, in his official capacity, respectfully submits the following reply in further support of his motion to dismiss claims raised in allegations 1-5, 8, and 15 of the complaint in the above-captioned action pursuant to Federal Rule of Civil Procedure 12(b)(6), and to strike, pursuant to Rules 8(a) and 12(f), allegations 9 and 15 of Plaintiff's complaint to the extent that they are repetitive and redundant of claims set forth in allegation 6. Defendant's motion should be granted in its entirety, because Plaintiff does not dispute that he failed to properly exhaust the claims comprised in allegations 1-5, 8, and 15, and he cannot rely on a "continuing violation" theory to salvage such claims regarding discrete acts. Moreover, Plaintiff's explanation regarding allegations 6 and 9 represent a distinction without a difference. In support of this reply, Defendant relies on the following points and authorities.

---

[1] Mr. Paulson, as the current Secretary of the Treasury, should be substituted for John W. Snow by operation of Federal Rule of Civil Procedure 25(d).

Plaintiff's complaint in the instant case comprises 15 "allegations" which assert numerous claims of discrimination against his employer, the Office of the Comptroller of the Currency ("OCC"), a bureau of the United States Department of the Treasury, encompassing the acts of several unrelated supervisors in different divisions dating back to the inception of his employment in 1987.  However, Plaintiff failed to seek Equal Employment Opportunity ("EEO") counseling regarding any of these allegations until November 19, 1998.  (EEOC Decision "Decision" at 1, attached to Plaintiff's Complaint "Compl.").  This counseling culminated in Plaintiff's filing of a formal discrimination complaint based on race, sex, and age on May 14, 1999.  (Id.).  The claims asserted in the May 1999 complaint are contained in allegations 1-9 of Plaintiff's District Court complaint.  (Compl. at 2).

On September 13, 2000, Plaintiff sought EEO counseling for a claim alleging that he was subjected to a hostile work environment between May 21, 2000, and May 4, 2001, in retaliation for his May 1999 filing, and based on his race, sex, and age.  (Decision at 3).  This claim is repeated in allegations 10-14 of Plaintiff's District Court complaint.  (Compl. at 24-25). Allegation 15, which Plaintiff alternatively asserts in his Opposition "covers the period of 1987 through 2006," but only deals with claims of retaliatory failure to promote "since he filed his original EEO complaint in May 1999," (R.14 at 9-10), has never been the subject of an administrative complaint, except to the extent that the "50" non-selections referred to in this allegation comprise those discussed in other allegations.[2]

Defendant has moved to dismiss the eight claims contained in allegations 1-5, 8, and 15

---

[2] An "R." followed by a number describes a document by reference to its placement in the Court's docket.

of Plaintiff's complaint, because Plaintiff failed to timely exhaust his administrative remedies. (R.12 at 5-7). Plaintiff does not dispute this failure in his Opposition. Rather, Plaintiff "believes that all claims under allegations 1-5 and 8 should be investigated because they are related and constitute a continuing denial of promotion by the Office of Information Resources Management (IRM) using patterns and practices of discrimination based on race, sex, and age." (R.14 at 8). Plaintiff further asserts that he "was not convinced that these acts were discriminatory until he was passed over for 30 positions in October 1998." (Id.). As a matter of law, however, these arguments cannot salvage Plaintiff's untimely claims.

The Supreme Court specifically rejected the application of the "continuing violation" theory that Plaintiff seeks in National Railroad Passenger Corp. v. Morgan, 536 U.S.101 (2002). See Haynie v. Veneman, 272 F.Supp.2d 10, 17 (D.D.C. 2003) ("the law no longer allows otherwise untimely claims of discrimination or retaliation to be considered based solely on the theory that they are part of a series of related acts, only some of which are within the limitations period"). Specifically, the Court held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." A "failure to promote" was one of the "discrete" acts enumerated by the Court that "occur[s]" at a fixed time and must be individually exhausted. Morgan, 536 U.S. at 114. See Jarmon v. Powell, 208 F.Supp.2d 21, 29 (D.D.C. 2002) (fact that plaintiff had timely exhausted one non-promotion claim did not salvage prior non-promotion claims not properly exhausted).

The Morgan decision dooms the claims set forth in Plaintiff's complaint in allegations 1-5, and 8. Moreover, although Morgan, on its facts, barred prior acts not covered by the administrative complaint, "[t]he rule is equally applicable . . . to discrete claims based on

3

incidents occurring *after* the filing of Plaintiff's EEO complaint." Martinez v. Potter, 347 F.3d 1208, 1210-1211 (10th Cir. 2003) (emphasis in original). See Verikonja v. Mueller, 315 F.Supp.2d 66, 74 (D.D.C. 2004), (citing Bowie v. Ashcroft, 283 F.Supp.2d 25, 34 (D.D.C. 2003) reversed in part on other grounds, __ F.3d __, 2006 WL 294379 (D.C. Cir. October 17, 2006); Nurriddin v. Goldin, 382 F.Supp.2d 79, 93 (D.D.C. 2005).  Thus, Plaintiff also cannot sustain his claim regarding "50" non-selections in allegation 15, not only to the extent that the acts took place prior to his filing of an administrative complaint, but also to the extent that he seeks to redress alleged wrongs occurring "through 2006." (See Compl. at 25; R.14 at 9).  Indeed, the only non-selections properly exhausted by Plaintiff are those set forth in allegation 6, and those are the only non-selection or non-promotion claims that Plaintiff may maintain in this action.

Plaintiff's use of the phrase "pattern and practice" does not alter this analysis.  Cases construing the pattern and practice method of proof in private party cases have specifically limited its application to class actions.  See Mitchell v. Baldrige, 759 F.2d 80, 84-85 (D.C. Cir. 1985); Wagner v. Taylor, 836 F.2d 578, 592 n.94 (D.C. Cir. 1987); Segar v. Smith, 738 F.2d 1249, 1266 (D.C. Cir. 1984), cert. denied, 471 U.S. 1115 (1985).  See also Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 760 (4th Cir. 1998), vacated on other grounds, 527 U.S. 1031 (1999); Babrocky v. Jewel Food Co., 773 F.2d 857, 866-67 n.6 (7th Cir. 1985); Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 355-56 (5th Cir. 2001).

Specifically, Plaintiff's complaint "is not the type of claim intended by the Court's reference to 'pattern-and-practice' claims" which properly refers "only to allegations of systemic discrimination against a protected class of individuals where the alleged acts reflect an intent to discriminate against all persons in the class." Haynie, 272 F.Supp.2d at 17 n.4.  See Int'l Bhd. of

4

Teamsters v. United States, 431 U.S. 324, 357 (1977) (pattern and practice cases cannot be based on "sporadic discriminatory acts" but rather must be based on discriminatory conduct that is widespread throughout a company or that is a routine and regular part of the workplace). Although Plaintiff's complaint purports to tell us how many black employees, as opposed to white employees and "others" work in the Information Technology Services at OCC, (Compl. at 8), all of his allegations refer not to systemic discrimination against African-Americans, let alone against a particular sex or age group, but to a series of non-promotion and allegedly non-promotion related decisions regarding himself. Thus, "the core of plaintiff's challenge is defendant's [alleged] individualized discrimination against [him], not a 'pattern-and-practice' claim[.]" Haynie, 272 F.Supp.2d at 17 n.4.

      Moreover, courts have held that Morgan's rejection of the continuing violation doctrine "remains true even if the discrete act was part of a company-wide or systemic policy." Davidson v. American Online, Inc., 337 F.3d 1179, 1185-1186 (10th Cir. 2003) (plaintiff's allegation that the discrete refusals to hire were undertaken pursuant to AOL's discriminatory hiring policy does not extend statutory limitations period). See Shea v. Rice, 409 F.3d 448, 451 (D.C. Cir. 2005) ("Morgan dooms any hope [plaintiff] entertained that his current (and allegedly discriminatory) paychecks can resurrect his otherwise untimely challenges to the paychecks he received before [the limitations period]" based on a single allegedly discriminatory pay policy); Cherosky v. Henderson, 330 F.3d 1243, 1247 (9th Cir. 2003) (plaintiff's assertion that a series of discrete acts flows from systemic discriminatory practice will not succeed in establishing the employer's liability for acts occurring outside the limitations period); Elmenayer v. ABF Freight Sys., Inc., 318 F.3d 130, 134 (2nd Cir. 2003) (employee must challenge each adverse action within the

limitations period "even if that action is simply a periodic implementation of an adverse decision previously made").  See also Abrams v. Baylor Coll. of Med., 805 F.2d 528, 533 (5th Cir. 1986) (mere existence of a policy is insufficient to constitute a "continuing violation").

Likewise, Plaintiff's assertion that he "was not convinced" of the alleged discriminatory nature of these acts until October 1998 does not salvage his untimely claims.  "A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'"  Morgan, 536 U.S. at 110.  Thus, a party must file an administrative complaint within the applicable time period from the date of the act or lose the ability to recover for it.  Id.  See Hulsey v. Kmart, Inc. 43 F.3d 555, 557 (10th Cir. 1994) (a discrimination claim accrues on "the date the employee is notified of the adverse employment action").  "[N]otice or knowledge of discriminatory motivation is not a prerequisite for a cause of action to accrue . . . [o]n the contrary, it is knowledge of the adverse employment decision itself that triggers the running of the statute of limitations."  Davidson, 337 F.3d at 1187 (quoting Hulsey, 43 F.3d at 558-559).  See McCants v. Glickman, 180 F.Supp.2d 35, 39-40 (D.D.C. 2001) (law does not support plaintiff's argument that time limitation does not begin to run until he receives facts that support discrimination as opposed to the actual date of the act).

In this case, Plaintiff was certainly aware of the occurrence of the alleged discriminatory acts at the time they happened, and does not contend otherwise.  Moreover, while the administrative time limit for bringing discrimination complaints may be "subject to equitable tolling, estoppel, and waiver," this Circuit has held that the court's power to toll time limitations in discrimination cases "will be exercised only in extraordinary and carefully circumscribed instances."  Mondy v. Sec'y of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988).  "[P]laintiff

bears the burden of pleading and proving any equitable reasons for failing to meet the 45-day time limit" to seek EEO counseling. <u>McGants</u>, 180 F.Supp.2d at 40 (internal quotation marks and citations omitted).

Plaintiff cannot meet this burden. Plaintiff's Complaint continuously expounds on his perception that "[d]espite being well-qualified and performing at a high-level for 12 years, I was continuously denied opportunities for promotions." (Compl. at 1, 2, 3, 4). He also discusses the Agency's alleged failure to allocate resources to his position and other distinct complaints occurring well outside the limitations period. (<u>See</u> Compl. generally). Plaintiff's meager claim that he was not "convinced" that the Agency's acts were discriminatory and that he was trying to "have patience, trust management, and be a team player" cannot salvage his claims.

Finally, allegation 9 should be struck as repetitive of the claims contained in allegation 6, namely that Plaintiff was non-selected for positions under vacancy announcement numbers 98-103E, 98-104E, and 98-105E, because Plaintiff's attempt to distinguish these two allegations presents a distinction without a difference.[3] In allegation 6, Plaintiff challenges Defendant's non-selection of him under three vacancy announcements. (Compl. at 15-17; R.14 at 9). In allegation 9, Plaintiff asserts that the merit promotion process used to non-select him under the same three vacancy announcements was discriminatory. (Compl. at 19-23; R.14 at 9). In each case, the

---

[3] Allegation 15 refers to 50 otherwise unidentified non-selections that Plaintiff has suffered over his 19 years with OCC. (Compl. at 25). Plaintiff appears to assert in his Opposition that allegation 15 refers to non-selections between 1999 and 2006, (R.14 at 10), and thus, is properly dismissed for failure to exhaust administrative remedies (see argument above). However, to the extent that the "50" non-selections subsume those discussed in allegation 6 and in other allegations properly dismissed as untimely, (<u>see</u> R.14 at 9 "Allegation 15 . . . covers the time period of 1987 through 2006), allegation 15 should be struck as redundant.

"wrong" that Plaintiff is seeking to redress, and thus, the crux of his claim, is his non-selection under the three vacancy announcements.  See Davidson, 337 F.3d at 1186 (while a particular hiring policy might constitute evidence of a defendant's alleged discriminatory motive, it is the refusal to hire that forms the claim and that the plaintiff is seeking to redress).  The discussion in allegation 9 of Defendant's alleged merit promotion process is, at most, evidence regarding the non-selections at issue.   These allegations set forth identical claims, and thus, allegation 9 is redundant of 6 and should be struck.  See Fed. R. Civ. P. 12(f).

**CONCLUSION**

The claims contained in allegations 1-5, 8, and 15 (to the extent that it raises non-repetitive claims) should be dismissed because they fail to state a claim upon which relief can be granted in that they were not timely exhausted. Additionally, allegations 9 and 15 repeat the claims already fully set forth in allegation 6. Thus, in an effort to simplify this pleading and subsequent litigation in this case, these allegations should be stricken from Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f).

       Respectfully submitted,

       _____
       JEFFREY A. TAYLOR, DC Bar #498610
       United States Attorney

       _____
       RUDOLPH CONTRERAS, DC Bar #434122
       Assistant United States Attorney

       _____
       KATHLEEN KONOPKA, DC Bar #495257
       Assistant United States Attorney
       Judiciary Center Building
       555 4th Street, N.W.; Room E4412
       Washington, D.C. 20001
       (202) 616-5309

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply in Further Support of Defendant's to Dismiss and to Strike has been made by mailing a copy thereof to:

Williams T. Walker
1010 Peconic Place
Upper Marlboro, Maryland 20774

on this ____day of October, 2006.

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C.  20001
(202) 616-5309