UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAM T. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1115 (PLF) |
| ) | |
| HENRY M. PAULSON, JR., ) | |
| Secretary, Department of the ) | |
| Treasury,[1] ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on defendant's motion for partial dismissal and motion to strike ("Mot."). Upon consideration of the motion, the opposition and the reply, the Court will grant the motion in part and deny it in part.

I. BACKGROUND

Since 1987, plaintiff William T. Walker has been employed as a computer specialist in the Office of the Comptroller of the Currency ("OCC") at the Department of the Treasury. See Complaint at 1. Plaintiff filed an Equal Employment Opportunity complaint in 1999 based upon his belief that he had been discriminated against on the basis of his race, sex and age. See id. Plaintiff's claim is properly analyzed under Title VII of the Civil Rights Act of 1964 (Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of

---

[1] Mr. Paulson, as the current Secretary of the Treasury, is substituted for John W. Snow by operation of Federal Rule of Civil Procedure 25(d).

1967 ("ADEA"), 29 U.S.C. § 621 et seq.

Defendant asserts that allegations 1-5, 8 and 15 of the complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief can be granted.[2]  Defendant contends that dismissal of these counts is appropriate because plaintiff has failed to exhaust his administrative remedies with respect to each of these claims.  See Mot. at 2.  Defendant also argues that allegations 9 and 15 should be stricken pursuant to Rule 8(a) and Rule 12(f) of the Federal Rules of Civil Procedure because they are repetitive of earlier counts.

## II. DISCUSSION

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes the truth of the material facts as alleged in the complaint, see Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991), and the "complaint should not be dismissed unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief."  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged."  Kowal v. MCI Communications Corp., 16 F.3d at 1276; see also Browning v. Clinton, 292 F.3d at 242; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000); Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997).  While the complaint is to be construed

---

[2]   Plaintiff's *pro se* complaint numbers his claims as "allegations," which the Court will treat as counts.  The Court will use the two terms interchangeably.

liberally in plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. See Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d at 242.

While *pro se* complaints are held to a less stringent standard than complaints drafted by attorneys, see Gray v. Poole, 275 F.3d 1113, 1116 (D.C. Cir. 2002); Amiri v. Hilton Washington Hotel, 360 F. Supp.2d 38, 41-42 (D.D.C. 2003), a *pro se* plaintiff's inferences "need not be accepted 'if such inferences are unsupported by the facts set out in the complaint.'" Caldwell v. District of Columbia, 901 F. Supp. 7, 10 (D.D.C. 1995) (quoting Henthorn v. Dept. of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994)). "'A *pro se* complaint, like any other, must state a claim upon which relief can be granted by the court.'" Id. (citing Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

Federal employees must exhaust their administrative remedies before filing suit under Title VII. See 42 U.S.C. § 2000e-16(c); Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997). Employees who allege discrimination must consult with an agency EEO counselor before filing a written complaint with the agency accused of discriminatory practices. See 29 C.F.R. § 1614.105(a); 29 C.F.R. § 1614.106(a)-(c). A complainant "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). The agency must then investigate the matter, after which the complainant may demand an immediate final decision from the agency or a hearing before an EEOC administrative judge. See 29 C.F.R. § 1614.106(e)(2); 29 C.F.R. § 1614.108(f). A complainant may file a civil action after receiving a final decision from the agency or after a complaint has been pending

before the EEOC for at least 180 days.  See 42 U.S.C. § 2000e-16(e); 29 C.F.R. § 1614.407.
"Complainants must timely exhaust these administrative remedies before bringing their claims to
court."  Bowden v. United States, 106 F.3d at 437; see Price v. Greenspan, 374 F. Supp. 2d 177,
184 (D.D.C. 2005) ("federal employees may only bring Title VII lawsuits in federal district court
if they have exhausted remedies available through administrative processes."); Baker v. Library
of Cong., 260 F. Supp. 2d 59, 65 (D.D.C. 2003) ("Title VII confers the right to file a civil action
in federal court only when a party has been 'aggrieved by the final disposition of his
[administrative] complaint, or by the failure to take final action on his complaint.'") (quoting 42
U.S.C. § 2000e-16(c)).³  The exhaustion of administrative remedies is not a jurisdictional
requirement of the statute.  The failure to exhaust, rather, is an affirmative defense that must be
raised by the defendant (and has been in this case).  See Fernandez v. Centerplate/NBSE, 441
F.3d 1006, 1009 (D.C. Cir. 2006); Washington v. Washington Metro. Area Transit Auth., 160
F.3d 750, 752 (D.C. Cir. 1998).

       Plaintiff's first contact with an EEOC counselor occurred on November 19, 1998.
See EEOC Decision at 1, Exh. to Complaint.  Therefore, a timely claim may only arise from
incidents occurring on or after October 4, 1998.  See 29 C.F.R. § 1614.105(a).  Allegation 1
pertains to events which occurred between 1987 and 1996.  See Complaint at 3-7.  Allegation 2

---

³    As this Court discussed in Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d 132, 135 (D.D.C. 2004), *amended in part on other grounds*, 400 F. Supp. 2d 257 (D.D.C. 2005), the Supreme Court's decision in Nat'l RR. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002), established that "each discrete adverse employment action individually triggers Title VII's procedural requirements," so that a plaintiff alleging a discrete discriminatory action "must exhaust the administrative process [with respect to each] regardless of any relationship that may exist between those discrete claims and any others."  Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d at 138 (citing Nat'l RR. Passenger Corp. v. Morgan, 536 U.S. at 114).

pertains to events occurring during 1997.  See Complaint at 8-9.  Allegation 3 pertains to events occurring between 1987 and December 1996.  See Complaint at 9-10.  Allegation 4 pertains to events in 1997.  See Complaint at 10-12.  Allegation 5 pertains to events occurring from January 1997 until September 1998.  See Complaint at 13.  Allegation 8 pertains to events between 1997 and October 14, 1998.  See Complaint at 18-19.  Because each of these allegations, except for allegation 8, relates to incidents occurring before October 4, 1998, each of them is time-barred.  See Haynie v. Veneman, 272 F. Supp. 2d 10, 17 (D.D.C. 2003) (barring claims for untimeliness, even if related to later claims); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 113.  Allegation 15 does not refer directly to any specific incident, but instead alleges 19 years of discrimination.  See Complaint at 25.  This claim, along with allegation 8, is time-barred only to the extent that it relates to events occurring before October 4, 1998.

Plaintiff responds in opposition to defendant's motion that these events were part of a pattern or practice that "should be investigated."  See Plaintiff's Opposition to Defendant's Motion for Partial Dismissal and to Strike ("Opp.") at 1.  After Morgan, this argument is untenable.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 111-12 (classifying events in "pattern or practice" cases as being individually discrete events which cannot be converted "into a single unlawful practice for the purposes of timely filing").  Plaintiff failed to properly exhaust his administrative remedies with respect to these allegations and the Court will grant defendant's motion in part and dismiss the claims in allegations 1 through 5.

Defendant also moves to strike allegations 9 and 15 for repetitiveness and redundancy.  See Def. Mot. at 9.  While Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike any matter in a pleading that is "redundant, immaterial,

impertinent, or scandalous," FED. R. CIV. P. 12(f), striking pleadings is generally disfavored as an extreme remedy. See Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000); see 2 MOORE'S FEDERAL PRACTICE § 12.37[1] at 12-93 to 12-94 (3d ed. 2002). There is no need to strike either allegation 9 or 15 in this case.

      Accordingly, defendant's motion will be granted in part and denied in part. An Order accompanying this Memorandum Opinion will be issued this same day.

                                        \_\_\_\_\_/s/_____
                                        PAUL L. FRIEDMAN
                                        United States District Judge

DATE: June 7, 2007