## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAM T. WALKER, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 06-1115 (PLF) |
|  | ) |
| HENRY M. PAULSON, JR., SECRETARY, | ) |
| DEPARTMENT OF THE TREASURY, | ) |
|  | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER

The Defendant, Henry M. Paulson, Secretary of the Treasury, by and through undersigned counsel, hereby responds to the Plaintiff's complaint[1] as follows:

### FIRST DEFENSE

To the extent that the Plaintiff's complaint alleges actions and issues not timely brought to an EEO counselor, these claims are barred because the Plaintiff failed to appropriately exhaust administrative remedies.

### SECOND DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

The Plaintiff is not entitled to a jury trial on his claims made under the Age Discrimination in Employment Act.

---

[1] In a Memorandum Order dated June 7, 2007, the Court dismissed Allegations 1-5 (referred to in the Memorandum Order as Counts I through V) of the Plaintiff's complaint.

## FOURTH DEFENSE

The Defendant is entitled to offsets for any back pay or front pay awarded to the Plaintiff.

## The Complaint

The Defendant further answers the Plaintiff's complaint by denying the allegations contained therein, except as expressly admitted as follows:

## Background

This paragraph contains a narrative summary of the Plaintiff's employment history and claims to which no answer is required.  Insofar as an answer may be deemed necessary, the Defendant denies these allegations, except to admit that the Plaintiff has been an employed with the Department of the Treasury since approximately 1987,  as a computer systems analyst in the Office of the Comptroller of the Currency ("OCC"), and that the Plaintiff filed a formal EEO complaint in May 1999.  The Defendant also admits that from November 12, 1997 until December 1998, the Plaintiff did not hold an acting team leader position.

## Allegations 1 through 5[2]

The claims contained in Allegations 1 through 5 of the complaint were dismissed by the Court on June 7, 2007.

## Allegations 6 through 9

6.    Deny, except to admit that:  (1) the Plaintiff applied for three Computer Specialist positions under vacancy announcements 98-103E, 98-104E, and 98-105N; (2) the OCC received the Plaintiff's applications for the positions advertised under vacancy announcement numbers 98-

---

[2] The Plaintiff's complaint contains unnumbered paragraphs which are designated as "Allegations" and the Defendant's Answer corresponds to the Plaintiff's numbered allegations.

104E and 98-105N on June 19, 1998; (3) the Plaintiff was not selected for any of the positions advertised under vacancy announcements 98-103E, 98-104E, and 98-105N; (4) Wayne Leiss was selected for a position under vacancy announcement 98-105N; (5) all of the selectees under vacancy announcement 98-105N were white; (6) eight positions were filled under vacancy announcement 98-104E; (7) six of the individuals who received positions under vacancy announcement 98-104E were white; (8) one of the selectees under vacancy announcement 98-104E was black; (9) Vance Kane was selected for a position under vacancy announcement 98-104E and he became the team lead for data warehousing after he was selected; (10) 17 individuals were selected for positions under vacancy announcement 98-103E, and Eugene Finegan, who is married to Brenda Finegan, was selected for an OC-16 position under vacancy announcement 98-104E; and (11) Vance Kane is married to Kathleen Mahoney.

      7.     Deny, except to admit that: (1) Judy Morrison was a Team Leader for the Customer Support (HQ) group, she was the Plaintiff's rating official during the Plaintiff's June 9, 1997 through June 8, 1998 rating period, and she rated the Plaintiff fully successful for that period; (2) the Plaintiff received ratings of superior for the rating periods ending in June 1994 and June 1995, and for the rating periods of June 11, 1995 through June 8, 1996 and June 9, 1996 through June 8, 1997; (3) Judy Morrison was not the Plaintiff's rating official for the four rating periods preceding the Plaintiff's June 9, 1997 through June 8, 1998 rating period; (4) the Plaintiff did not serve as a team leader between November 12, 1997 and December 1998; (5) the Plaintiff served on the Customer Support Team for the majority of the Plaintiff's rating period of June 9, 1997 through June 9, 1998.

8.      Deny.[3]

9.      Deny, except to admit that:  (1) a total of 17 panel positions existed for the purpose of rating knowledge, skills, and abilities ("referred to as KSAs") and interviewing applicants for vacancy announcements 98-103E, 98-104E, and 98-105N; (2) Charles Wright served on the interview panels for vacancy announcements 98-104E and 98-105N; (3) three of the individuals that served on panels responsible for conducting interviews for vacancy announcements 98-103, 98-104E, and 98-105N did not work under the supervision of the selecting official, Steven Yohai; (4) the Plaintiff did not advance beyond the telephone-interview stage of the application process for vacancy announcement 98-103E; (5) two of the telephone interview panelists for vacancy announcement 98-103E were ITS managers, and one of these ITS managers reported directly to Charles Wright; (6) the Plaintiff did not advance beyond the application review stage of the application process for vacancy announcement 98-104E; (7) an application review panel, consisting of individuals responsible for rating responses to KSAs, reviewed applications; (8) the scores assigned by the application review panel factored into the determination of which applications were submitted to the telephone interview panel; (9) all of the panelists who rated responses to KSAs for vacancy announcement 98-104E were ITS managers; (10) Vance Kane received a position under vacancy announcement 98-104E; (11)  the Plaintiff did not advance beyond the application rating phase of the selection process for vacancy announcement 98-105N, and that the panel responsible for assigning scores to KSA responses consisted of two members; (12) the panel members assigned to the panel responsible for

---

[3] Pursuant to the Court's June 7, 2007, Memorandum Opinion, this claim is barred to the extent that it relates to events occurring before October 4, 1998.

assigning scores to KSA responses for vacancy announcement 98-105N were ITS managers who worked under the supervision of the selecting official, Steven Yohai; (13) Charles Wright was a member of the telephone interview panel for vacancy announcement 98-105N; (14) the total points assignable for responses to the KSAs for vacancy announcements 98-103E, 98-104E, and 98-105N comprised more than 50% of the total score assignable for the purpose of ranking applications; (15) the Plaintiff received an average score of 15 out of a maximum average score of 20 for his responses to the KSAs for vacancy announcement 98-103E; (16) the Plaintiff received an average score of 9 out of a maximum average score of 15 for his responses to the KSAs for vacancy announcement 98-104E; (17) the Plaintiff received an average score of 16 out of a maximum average score of 30 for his responses to the KSAs for vacancy announcement 98-105N; (18) the panels responsible for rating responses to KSAs for vacancy announcements 98-104E and 98-105N consisted of ITS managers; (19) 13 of the 17 positions filled under vacancy announcement 98-103E were positions in an organizational unit where Charles Wright was a supervisor; (20) from March 1992 until May 1998, Wayne Leiss held the title of Financial Economist in the OCC's Financial and Statistical Analysis Division; (21) Brenda Finegan and Kathleen Mahoney were selected for positions under vacancy announcement 98-103E; (22) Steve Yohai was the selecting official for vacancy announcements 98-103E, 98-104E and 98-105N.

## **Retaliation Complaints**

Deny, except to admit that the Plaintiff filed formal EEO complaints on May 14, 1999 and May 10, 2001.

**Allegations 10-15**

10.     Deny.

11.     Deny, except to admit that management did not harass employees about signing their performance appraisals.

12.     Deny, except to admit that the Plaintiff received a letter of reprimand dated November 11, 2000 that was placed in his personnel file.

13.     Deny.

14.     Deny, except to admit that one of the Plaintiff's requests for a detail was denied.

15.     Deny.[4]

The remainder of the Plaintiff's complaint is his prayer for relief to which no response is required.  Insofar as a response is deemed necessary, the Defendant denies that the Plaintiff is entitled to damages, attorney fees, or any other relief.

Respectfully submitted,


        /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


        /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

---

[4] Pursuant to the Court's June 7, 2007, Memorandum Opinion, this claim is barred to the extent that it relates to events occurring before October 4, 1998.

_____/s/_____

JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530
(202) 514-7250

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of June, 2007, I caused the foregoing

Defendant's Answer to be served by first class mail, postage prepaid, on:

William T. Walker
1010 Peconic Place
Upper Marlboro, MD  20774


_____/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney