UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM T. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1115 (PLF) |
| | ) |
| HENRY M. PAULSON, JR., Secretary, | ) |
| Department of the Treasury, | ) |
| | ) |
| Defendant. | ) |

**JOINT RULE 16.3/RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(c), the parties submit the following report.

Plaintiff's Statement of Case

Plaintiff is employed with the Office of the Comptroller of the Currency at the Department of the Treasury. He has advanced claims of discrimination, pursuant to Title VII of the 1964 Civil Rights Act, and the Age Discrimination in Employment Act ("ADEA"), based upon his race, sex, and age. Plaintiff has also advanced claims of retaliation. After a decision by the court dismissing part of Plaintiff's claims, Plaintiff's claims generally consist of those alleging denial of promotions, unfair performance rating, harassment, and retaliation.

Defendant's Statement of Case

Plaintiff's claims before this Court concern his allegations that he was discriminated against based upon his race, sex, and age, and that he was subjected to reprisal for protected EEO activity. Defendant submits that plaintiff has no claims under Title VII (42 U.S.C. § 2000e, *et seq*.), or the ADEA. Defendant submits that plaintiff is not entitled to back pay, compensatory

damages, or attorney fees, and that Defendant is entitled to offsets for any back pay or front pay awarded to Plaintiff. Defendant may raise additional defenses based upon evidence disclosed during discovery and throughout the litigation of this action.

### Local Rule 16.3(c)

Pursuant to Local Rule 16.3(c), the Parties report as follows:

1. **Dispositive Motion**: Plaintiff does not think that this case can be disposed of by dispositive motion. Defendant thinks that all or part of this case may be resolved by dispositive motion following discovery.

2. **Joinder of Parties, Amendment of Pleadings or Issues Narrowed**: At this time, the Parties do not think that additional parties need to be joined or pleadings amended. After some discovery is completed, factual or legal issues may need to be narrowed.

3. **Assignment to a Magistrate Judge**: Plaintiff objects to the assignment of this case to a magistrate judge for all purposes, including trial. At this time, Defendant objects to the assignment of this case to a magistrate judge for all purposes, including trial

4. **Possibility of Settlement**: The parties think that settlement is possible, but may have to revisit this issue after the completion of some discovery.

5. **Alternative Dispute Resolution ("ADR")**: The parties think that ADR may be useful.

6. **Resolution by Summary Judgment.**: Plaintiff thinks that this case will survive a motion for summary judgment. Defendant thinks that this case can be resolved by a motion for summary judgment. The parties propose that the deadline for any dispositive motions and/or cross-motions be sixty days after the date that discovery closes. Any oppositions or replies

should be filed in accordance with the Rules of this Court.

    7**. Initial Disclosures**:  The Parties agree to exchange Initial Disclosures by August 17, 2007.

    8.  **Discovery**: The Parties propose that discovery be completed by November 9, 2007.  The Parties have agreed to a Protective Order that has been filed with the Court.  The Parties propose up to 5 depositions and up to 25 interrogatories for each party.

    9.  **Exchange of Expert Witness Information**:  Should this case be scheduled for trial, the Parties may need expert testimony.  The Parties have agreed to provide disclosures regarding expert witnesses to the other Party pursuant to the Federal Rules of Civil Procedure.

    10.  **Class Action Procedures**:  Not applicable.

    11.  **Bifurcation of Trial and/or Discovery**:  The Parties agree that it is unnecessary to bifurcate or manage the trial in phases.

    12.  **Date for Pretrial Conference**:  The Parties propose that the pretrial conference not be scheduled until the Court has ruled on any dispositive motions filed after the close of discovery in this case.

    13.  **Trial Date**:  The Parties propose that the trial date be scheduled at the pretrial conference.

    14**. Other Matters**:  None

                                      Respectfully submitted,

\_\_\_/s/_____      \_/s/_____
WILLIAM T. WALKER, *Pro Se*                          JEFFREY A. TAYLOR, D.C. Bar #498610

                                                                      \_/s/_____
RUDOLPH CONTRERAS
D.C. Bar #434122
Assistant United States Attorney

                                         \_/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th St., N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

Attorneys for Defendant